# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RONALD LEE GREEN,** | ) CASE NO. 7:20CV00624 |
| | ) |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **C/O VIRAS, ET AL.,** | ) By:  Glen E. Conrad |
| | ) Senior United States District Judge |
| **Defendants.** | ) |

Plaintiff Ronald Lee Green, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials made false accusations and threats against him.  Upon review of the record, the court concludes that the action must be summarily dismissed for failure to state a claim.

At the time Green filed this action in October 2020, he was confined at Keen Mountain Correctional Center ("Keen Mountain"), although he has since been transferred.  The complaint identifies only two individuals as defendants:  two correctional officers with the last name of Viras, who worked different shifts.  Green alleges that on July 22, 2020, "both made false claims" that Green was hurting himself.  Compl. 2, ECF No. 1.  In an attached document, Green also states that these officers threatened to place him in five-point restraints "and on (Direct Opts)."  Id. at 5.  As relief in this action, Green seeks monetary damages.

Section 1983 permits a party to file a civil action against a person for actions taken under color of state law that violated the party's constitutional rights.  Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  Allegations of verbal abuse or threats by prison guards, without more, do not state any constitutional claim.  Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).  Mere words alone, however offensive, threatening, or disrespectful, do not violate one's constitutional rights.  See Carter v. Morris, 164


F.3d 215, 219 n. 3 (4th Cir. 1999) (finding that officers' alleged use of "racial epithets" toward plaintiff did not "by itself rise to the level of a constitutional violation"); Wilson v. McKellar, 254 Fed. App'x 960, 961 (4th Cir. 2007) (per curiam) (unpublished) ("[M]ere threats or verbal abuse, without more, do not state a cognizable claim under § 1983").

Green's allegations describe nothing more than the defendants' verbal claims that he was harming himself and their verbal threats to place him in restraints. While officers' verbal remarks may be disturbing, mere words are not sufficient to form the factual basis of an actionable constitutional claim of any sort. Perhaps such threats may violate Virginia Department of Corrections procedures. However, allegations that defendants failed to follow their own policies or procedures also do not amount to constitutional violations. United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990).

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." For the stated reasons, the court concludes that Green's allegations that the defendants verbally threatened him state no constitutional violation and must be summarily dismissed, pursuant to § 1997e(c)(1), for failure to state a claim. An appropriate order will issue herewith.

ENTER: This  29th  day of January, 2021.

_____
Senior United States District Judge